PEDRO MUÑIZ FIGUEROA, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* O-68-256     *Resuelto:* 8 de mayo de 1969

*Pedro Muñiz Figueroa, pro se; Rafael A. Rivera Cruz, Procurador General, J. F. Rodríguez Rivera, Subprocurador General,* y *Lydia Nieves Franqui, Procuradora General Auxiliar,* abogados del apelado.

SENTENCIA

El apelante se declaró culpable de una infracción a la Ley de Fuga (*Felony*). La acusación lee como sigue:

"El fiscal formula acusación contra PEDRO MUÑIZ FIGUEROA, allá en o por el día 9 de noviembre de 1965, y en Mayagüez, P.R., que forma parte del Distrito Judicial de P.R., ilegal, voluntaria, maliciosamente, y con la intención criminal y mientras cumplía una condena por Robo, no extinguida aún de tres a diez años de presidio, impuéstale por el Tribunal Supr. de P.R., Sala de Mayagüez, el día 16 de junio de 1964; otra por Hurto Mayor, no extinguida aún de dos a siete años de presidio, impuéstale por el Tribunal Supr. de P.R., Sala de Mayagüez, el 12 de febrero de 1959; otra por Robo, no extinguida aún de dos a cinco años de presidio, impuéstale por el Tribunal Supr. de P.R., Sala de Mayagüez, el 12 de febrero de 1959, se fugó de la Granja Penal de Mayagüez."

El tribunal le declaró culpable del delito imputádole pero en grado subsiguiente y le sentenció a cumplir de 10 a 13 años de presidio.

Contra dicha sentencia el acusado interpuso ante la Sala de San Juan del Tribunal Superior una moción que denominó "Moción Sobre Anulación de Sentencia" y a su vez radicó una solicitud de inhibición contra todos los Jueces de la Sala de Mayagüez del Tribunal Superior. Considerándolos como un recurso de hábeas corpus, la Sala de San Juan dio traslado de ambas mociones a la Sala de Mayagüez del Tribunal Superior. Ésta señaló la petición para una vista en los méritos y le designó abogado al peticionario.

Luego de declarar sin lugar una solicitud de traslado y de oir a las partes, dicho tribunal declaró sin lugar el recurso. Contra dicha sentencia interpuso el presente recurso de apelación.

Sostiene que se ha violado la garantía constitucional de igual protección de las leyes al imponérsele una pena en exceso de los 10 años que fija el Art. 152 del Código Penal ya que habiendo cometido el delito de fuga por primera vez,

no podía considerarse como subsiguiente a base de condenas por otros delitos graves, bajo las disposiciones del Art. 56 del Código Penal (33 L.P.R.A. sec. 131.)

Esta contención fue ya resuelta contra el apelante en el caso de *Acosta Linares* v. *Jefe Penitenciaría*, 96 D.P.R. 407 (1968).

Sin embargo y aunque el apelante no lo ha planteado, no procedía su condena por dicho delito de fuga en grado subsiguiente en ausencia de alegación en la acusación al efecto de que le imputa al acusado la reincidencia. La alusión a las condenas que extinguía, formaban parte y eran elementos necesarios del delito de fuga.

Se revoca la sentencia apelada, se anula la sentencia dictada contra el acusado en el caso G-65-320 del Tribunal Superior, Sala de Mayagüez y se devuelve el caso con instrucciones al tribunal sentenciador para que dicte una nueva sentencia dentro de los límites fijados en el Art. 152 del Código Penal (33 L.P.R.A. sec. 509).

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente. El Juez Asociado Señor Santana Becerra concurre, pero expresa su posición en voto separado.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*

—O—

Voto separado del Juez Asociado Señor Santana Becerra concurriendo en el resultado, en el cual concurre el Juez Asociado Señor Hernández Matos.

San Juan, Puerto Rico, 8 de mayo de 1969

Conforme a la posición en contrario que asumí en el caso de *Acosta Linares* v. *Jefe Penitenciaría*, 96 D.P.R. 407 (1968), y en vista de que en esta sentencia el Tribunal hace referencia al mismo con aprobación, deseo dejar claro que al concurrir con mi voto en la sentencia que ahora dictamos, mantengo inalterada mi posición anterior en lo que respecta a la condición de subsiguiente de una fuga.

Con posterioridad a emitir mi voto de 28 de junio de 1968, seguí haciendo una búsqueda de autoridades o precedentes que sostuvieran la posición asumida en aquella ocasión por la mayoría. Hasta donde he podido buscar no he encontrado precedente alguno, siquiera del sector de donde adoptamos nuestros artículos del Código Penal sobre fuga y sobre delito subsiguiente.

Una vez más me ratifico en el criterio de que usar el delito grave cuya sentencia se está cumpliendo como base para castigar como delito subsiguiente la fuga que ocurre mientras se cumple dicha sentencia, sin que se trate de una segunda fuga en sí, tiene el efecto inevitable de haberle legislado este Tribunal una penalidad *mínima* al delito de fuga de 10 años cuando la fuga ocurre en el cumplimiento de una sentencia de un delito grave. Esta pena mínima no la impuso el Legislador que por la Ley Núm. 447 de 14 de mayo de 1952 se limitó a declarar que tal fuga sería castigada como delito grave y cuya única distinción fue la de que la sentencia de fuga no pudiera considerarse concurrente con las demás que se estuvieran cumpliendo.